IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

**OSCAR R. JONES**

    Plaintiff,

v.

**ASSET ACCEPTANCE, LLC,**
a Foreign Limited Liability Company

    Defendant.
_____/

Case No.: 07 016008

Division: DIVISION C

## COMPLAINT

COMES NOW the Plaintiff, OSCAR R. JONES ("Plaintiff"), by and through his undersigned legal counsel, and hereby sues the Defendant, ASSET ACCEPTANCE, LLC ("Defendant") and alleges as follows:

### GENERAL ALLEGATIONS

1. This is a civil action for violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA") and a civil action arising under the laws of the State of Florida whereby the Plaintiff is alleging discrimination based on her rights under the Florida Civil Rights Act of 1992 ("FCRA"), the damages for which exceed $15,000.$^{00}$, exclusive of attorneys' fees, interest, and costs.

2. Defendant is a corporation existing under the laws of the state of Michigan, and at all times material to this Complaint, Defendant was, and is, authorized to do business in the State of Florida and is doing business in Hillsborough County, Florida.

3. At all times material to this Complaint, Plaintiff was, and is, a resident of Florida.

4. On or about March 1, 2007, Plaintiff filed a charge of discrimination with the Equal Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. S2000e-5(b) and (e). Such charge was filed within one hundred and eighty (180) days after the alleged unlawful employment practice occurred. On or about August 21, 2007, less than ninety (90) days prior to filing this Complaint, the EEOC issued to Plaintiff a Notice of Right to Sue with respect to such charge of discrimination. True and correct copies of the Charge of Discrimination and the Notice of Right to Sue are attached hereto and incorporated by reference herein as Plaintiff's Exhibit "A" and "B," respectively.

5. At all times relevant to this action, Defendant was engaged in an industry affecting commerce and employed twenty (20) or more persons for each working day in each of twenty (20) calendar weeks in the current or preceding calendar year.

6. Plaintiff is over the age of 40 and is, therefore, a member of the protected group.

7. On or about October, 2003, Plaintiff was hired by the Defendant and, at all times relevant herein, the Plaintiff was an employee of the Defendant. He was hired as a manager and on his last day of employment he held the position of Assistant Vice President.

8. On or about June 16, 2006 Plaintiff's employment was terminated by Dan Chapman, Vice President of Collections for Defendant company.

9. At the time of Plaintiff's termination, Defendant's stated reason was that he was chosen for termination based on his 'poor performance,' his 'poor leadership' and his office's 'poor financial performance'.

10. In response to Plaintiff's subsequent EEOC charge, Defendant's stated reason for choosing Plaintiff for termination was 'poor performance,' 'poor leadership,' and 'poor financial performance.'

## COUNT I
## (AGE DISCRIMINATION IN EMPLOYMENT ACT)

11. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 10, above, as if fully set forth herein.

12. When terminated by Defendant, Plaintiff was fifty-eight (58) years of age, having been born on March 22, 1948.

13. Plaintiff was qualified for the position of Assistant Vice-President.

14. Plaintiff was subjected to an adverse employment consequence in that he was terminated.

15. The Defendant's discriminatory conduct was due to Plaintiff's age and/or Plaintiff's age was a motivating factor in the Defendant's decision to discharge the Plaintiff.

16. Defendant's termination of the Plaintiff, because of his age, violated the ADEA and said violation was willful.

17. Defendant's violation of the ADEA caused the Plaintiff to suffer the following damages: loss of income, loss of employment-related benefits, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of personal reputation, humiliation, depression and anxiety.

18. Plaintiff has retained the law offices of Bonifield, Friedman & Leifer P.A., to represent him in this matter and is obligated to pay reasonable attorney's fees for services rendered.

**WHEREFORE**, Plaintiff demands judgment for damages; including but not limited to, compensatory and liquidated damages in an amount to be proven at trial, together with costs, attorney's fees and legal assistant fees, with prejudgment interest, pursuant to 29 U.S.C. §§ 216 and 626, and any further relief this Court deems just and proper.

## COUNT II
## (FLORIDA CIVIL RIGHTS ACT OF 1992)

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 10, above, as if fully set forth herein.

20. Pursuant to a work share agreement, Plaintiff's EEOC charge was dually filed with the Florida Commission on Human Relations, as evidenced by the Charge of Discrimination attached hereto as Plaintiff's Exhibit "A."

21. The Plaintiff has complied with the requirements of FLA. STAT. § 760.11 (8) in that greater than 180 days has lapsed since the filing of the Charge of Discrimination with the Florida commission.

22. When terminated by Defendant, Plaintiff was fifty-eight (58) years of age, having been born on March 22, 1948.

23. Plaintiff was qualified for the position of Assistant Vice-President.

24. Plaintiff was subjected to an adverse employment consequence in that he was terminated.

25. The Defendant's discriminatory conduct was due to Plaintiff's age and/or Plaintiff's age was a motivating factor in the Defendant's decision to discharge the Plaintiff.

26. Defendant's discriminatory conduct, as set forth infra, is in violation of the FCRA; specifically, FLA. STAT. §760.10.

27. Defendant had actual knowledge of Plaintiff's age, the wrongfulness of the conduct and the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally terminated his employment, resulting in damage to Plaintiff.

28. Further, Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to Plaintiff's rights.

29.     Defendant actively and knowingly participated in the above conduct and Dan Chapman, Vice President of Defendant company, knowingly ratified same.

30.     Defendant's violation of the FCRA caused the Plaintiff to suffer the following damages: loss of income, loss of employment-related benefits, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of personal reputation, humiliation, depression and anxiety.

31.     Plaintiff has retained the law offices of Bonifield, Friedman & Leifer P.A., to represent him in this matter and is obligated to pay reasonable attorney fees for services rendered.

**WHEREFORE**, Plaintiff demands judgment for damages; including but not limited to, compensatory and punitive damages in an amount to be proven at trial, together with costs, attorney's fees and legal assistant fees, with prejudgment interest, pursuant to FLA. STAT. §§ 760.11 and 57.104, and any further relief this Court deems just and proper.

**Plaintiff demands a trial by jury of any issue triable of right by a jury.**

DATED November 19, 2007

Respectfully submitted by,

Christopher K. Leifer, Esq.
Florida Bar #: 645451
Attorney for Plaintiff
Bonifield, Friedman & Leifer, P.A.
P.O. Box 799
Tampa, FL  33601
Telephone: (813) 221-9500
Facsimile: (813) 341-6898
E-mail: ckl@bfllaw.com